IN RE ESTATE OF ANNA FRANCIS.

ABRAM C. STRONG, APPELLANT, V. HATTIE S. POTTS ET AL., APPELLEES.

FILED DECEMBER 24, 1913.   No. 17,524.

Wills: PROBATE OF COPY: PROOF REQUIRED. On an application to probate an alleged copy of a will made 19 years after the original will was executed, it is incumbent upon the proponent to show what became of the original will, in whose custody it was placed, account for its nonproduction, and produce some competent proof of its contents, in order to authorize the county court to probate such a copy.

APPEAL from the district court for Hayes county: ROBERT C. ORR, JUDGE. *Reversed with directions.*

*John Everson*, for appellant.

*Lambe & Butler* and *C. A. Ready*, contra.

BARNES, J.

This is an appeal from a judgment of the district court for Hayes county in a proceeding in error from a judgment of the county court of that county, probating an alleged copy of the will of one Anna Francis, *nee* Strong, who departed this life in the state of Colorado. It appears that no will of the deceased was ever probated in the state

of Colorado, where she died, and that on or about the 20th day of May, 1907, one George Strong filed what purported to be a copy of a will alleged to have been made and executed by Anna Francis, *nee* Strong, in Hayes county, Nebraska, about the year 1887, by which she devised to her sister, Hattie Potts, the northeast quarter of section 27, township 7, range 35 west, situated in said county and state. Such proceedings were had in the county court that the purported copy of the will was admitted to probate. From the judgment of the county court the contestant prosecuted error to the district court.

It was first contended that no petition for the probate of the copy of the alleged will was ever filed in the county court, and therefore that court was without jurisdiction. The transcript, however, recites that such a petition was filed, and, although no copy of it is found in the record, still the recitation of the fact of the filing of such a petition will be taken as true, and therefore the court was not without jurisdiction.

It is next contended that the execution of the original will, an alleged copy of which was presented for probate, was not sufficiently proved to entitle the same to probate. The transcript discloses that the proponent produced the following evidence: First. An *ex parte* affidavit by one J. T. Meredith made before a notary public, in the state of California, which reads as follows: "I hereby certify that about the year 1887 or 1888 I signed as a witness a will, attached hereto, in substance. Same was a will signed by Anna Strong, in favor of Mrs. Ed. Potts. The exact wording of same will I cannot remember. This will was made at Hayes Center, Hayes county, Nebraska. (Signed) J. T. Meredith." Subscribed and sworn to before a notary public. Second. Proponent produced an *ex parte* affidavit made by one M. E. Davis in Cannon county, state of Idaho, as follows: "I hereby certify that the above is a true copy of a will drawn by Anna Strong at Hayes Center, Nebraska, in the year 1888 or 1889 as I remember it. (Signed) M. E. Davis." Subscribed and sworn to before

a notary public. Third. Proponent also produced the following affidavit: "I hereby certify that the document hereto attached is a true copy of a will drawn by me for Anna Strong at Hayes Center, Nebraska, as I now remember, in 1888 or 1889. (Signed) Jesse Davis." Subscribed and sworn to before a notary public.

There was a partial hearing, and thereafter the proponent produced one Rosa May as a witness before the county court. Her testimony was reduced to writing and made a part of the transcript, and reads as follows: "My name is Rosa May. I am a resident of Hayes county, Nebraska, and 52 years of age. I was acquainted with Anna Francis, *nee* Strong, the deceased, in her lifetime. Said Anna Francis, *nee* Strong, at the time of her death was a resident of Colorado, and had resided in said county for at least four years next before her decease. Said Anna Francis, *nee* Strong, departed this life on or about the 12th day of August, 1897, in said county. I am not one of the subscribing witnesses, but I heard her say that she made this will to Hattie S. Potts. Anna Francis, *nee* Strong, at the time she executed said instrument was of sound mind and memory and under no restraint whatever, and was about the age of 21 years."

Upon this evidence the purported copy of the will was admitted to probate, and from that judgment or order of the county court the contestant, a brother of the deceased, prosecuted error to the district court, where on the 19th day of September, 1911, the judgment was affirmed.

It is contestant's argument that the testimony found in the transcript from the county court is insufficient to sustain the judgment admitting the will to probate. The record, as it appears, contains no testimony explaining the absence of the original will; nothing is shown relative to its custody from the time it is claimed it was executed until the alleged copy was presented for probate, which was some 19 years after it was alleged to have been executed. Its loss is not shown, and no explanation is given showing, or tending to show, who made the copy of the

will, or from whom it was produced. It is contended, however, that, as there was no bill of exceptions settled by the county court and made a part of the record, the presumption would obtain that there was sufficient evidence to authorize the entry of the judgment from which error was prosecuted; and that neither the district court nor this court will attempt to review the findings of the county court for that reason. Ordinarily this would be true, but the record contains the transcript from the county court, which sets forth the application which was to probate a copy of an alleged will, without any allegations which would authorize the court to act without the production of the will itself. The original will was not produced, its whereabouts were not accounted for in the application for probate, and no reason was given why it was not produced. The district court could not presume that under the application such proof was in fact made as would authorize the court to probate the copy produced.

As we view the record, the district court erred in affirming the judgment of the county court, and therefore the judgment of the district court is reversed and the cause is remanded, with directions to that court to reverse the judgment of the county court and remand the cause to that court for further proceedings.        REVERSED.

LETTON, FAWCETT and HAMER, JJ., not sitting.