IN RE ESTATE OF JOHN W. SEXTON.
HARVEY E. SEXTON, APPELLEE, V. HARRY POPKAY, ADMINIS-
TRATOR, APPELLANT, IMPLEADED WITH DELLA SEXTON
BUSCHHUSEN ET AL., APPELLEES.
20 N. W. 2d 871
FILED NOVEMBER 30, 1945. No. 31909.

*Porter & Porter,* for appellant.

*R. R. Wellington,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE,
YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

A purported will was offered for probate in an estate
where intestate proceedings were being had. The adminis-
trator and heirs contested. The will was admitted to pro-
bate. The administrator filed a motion for a new trial. The
trial court dismissed his motion. We affirm the judgment
of the trial court.

On August 4, 1937, a petition was filed in the county court
of Sioux County alleging that John W. Sexton had died in-
testate, naming the petitioner, Edward Harvey Sexton, a
brother, as survivor, and praying that letters of adminis-

tration be granted to Harry Popkay. The county court found that deceased had died intestate and granted the prayer of the petition, naming Harry Popkay as administrator. He qualified and the administration of the estate proceeded.

Thereafter a petition was filed by Della Bessie Sexton Buschhusen alleging that she and two others were the sole and only heirs at law of the deceased, and praying for such a determination. The county court found that the three named persons were the daughters and the sole and only heirs of the deceased.

An allowance was made to the administrator for his services. The administrator filed his final account and petition for distribution. While that matter was pending, a purported last will of deceased was filed, and the brother petitioned for its probate. Harry Popkay, as administrator, filed objections to the probate of the will. A hearing was had, the instrument was admitted to probate, and W. E. Mumby was appointed to administer the estate under the will. It is recited in the county court's decree that the three daughters were contestants, although how or when they became such is not disclosed. Thereafter the administrator and the three daughters filed a notice of appeal.

A transcript of the proceedings was filed in the district court. A jury was waived and trial had, resulting in a finding that the instrument was the last will and testament of the deceased and should be allowed and probated as such. The administrator filed a motion for a new trial. It was submitted and while being considered the proponent of the will orally moved to dismiss the administrator's motion for a new trial for the reason that he was not a proper party appellant. The trial court sustained the motion.

The administrator appeals, presenting the sole question of his right to be a party appellant. The answer to this question depends upon the right of an administrator, who has entered upon the duties of his office, to contest a will afterward presented for probate, for if he does not have the right to contest, it is obvious that he would not have a right to appeal.

The statute provides that when a petition is filed for the probate of a will, a time and place for proving it shall be fixed, notice thereof given and "all concerned may apppear and contest" the probate of the will. Sec. 30-217, R. S. 1943. The legislative meaning of the word "concerned" is indicated in the proviso to the section that "anyone who is or claims to be an heir of or otherwise interested in the estate" where a will has been admitted to probate without publication of notice may under certain circumstances assert and protect his interest. The statutory provision precludes any but a party concerned from contesting a will. In re Goldsberry's Estate, 95 Utah 379, 81 P. 2d 1106.

"An 'interested person' or an 'aggrieved person' is one who has a direct pecuniary interest in the estate of the alleged testator which will be defeated or impaired if the instrument in question is held to be a valid will." 2 Page, Wills, s. 610, p. 154.

The administrator of an intestate estate is an officer of the court. His duty is to the court and to properly administer the estate entrusted to his care. As such administrator he is not concerned with whether the title to property passes by will or by the law of descent.

While the authorities are not uniform, we think the better reasoned judgments are that the administrator as such is not interested within the meaning of the statute giving the right to contest to a party "concerned." See Braeuel v. Reuther, 270 Mo. 603, 193 S. W. 283, Ann. Cas. 1918B, 533 and note 536; Annotation, 31 A. L. R. 326; Cajoleas v. Attaya, 145 Miss. 436, 111 So. 359, 58 A. L. R. 1457 and annotation page 1462; In re Fallon's Will, 107 Iowa 120, 77 N. W. 575; In re Miller's Estate, 54 Ariz. 58, 92 P. 2d 335; In re O'Brien's Estate, 13 Wash. 2d 581, 126 P. 2d 47; In re Santini's Estate, 56 Nev. 350, 53 P. 2d 338; Arai v. Saenz, (Tex.) 52 S. W. 2d 383; In re Glynn's Estate, (Tex.) 62 S. W. 2d 1019; In re Sanborn's Estate, 98 Calif. 103, 32 P. 865.

The decisions likewise sustain the proposition that an interest in the fees of administration is not sufficient to entitle an administrator to contest a purported will. In the case of

In re Estate of Craig, 101 Neb. 439, 163 N. W. 765, we said that the law does not permit the person who represents the estate to use it for his individual purposes.

We are of the opinion that the administrator as such had no right to contest the will, hence, had no appealable interest, and that the trial court properly dismissed his motion for a new trial.

AFFIRMED.