JOSEPHINE E. EAGAN, APPELLANT, v. GEORGE O. HALL ET AL., APPELLEES.

68 N. W. 2d 147

Filed January 7, 1955. No. 33572.

*Henry W. Curtis* and *Charles M. Bosley,* for appellant.

*Lloyd E. Christiansen* and *Hines & Hines,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit in equity upon an alleged agreement to make a will. The trial court found in favor of the answering defendants. The plaintiff appeals.

Dessie M. Hall and William M. Hall were married in 1914. They had no children. Dessie M. Hall died in February 1952. William M. Hall died in July 1952. Both were suicides. They left wills which contained identical language insofar as the issues of this case are concerned. The wills were drawn by the same attorney and executed at the same time before the same witnesses. They were executed on January 18, 1950, and shortly thereafter both wills were deposited with the county judge of Chase County. After the death of Dessie M. Hall on February 24, 1952, William M. Hall withdrew the will of Dessie M. Hall from the registry of the county court and offered the same for probate. It was admitted for probate and William M. Hall qualified as executor. No further proceedings were had prior to the death of William M. Hall on July 28, 1952. Prior to his death William M. Hall withdrew his will from the registry of the county court and it has not since been found. The parties stipulated, however, that the wills contained the same wording except for the change in names of the parties and the appropriate use of the words "wife" and "husband" therein.

The plaintiff is the mother of Dessie M. Hall and her only heir at law. The answering defendants are the brothers and sisters of William M. Hall and his only heirs at law, and their respective spouses.

· The body of the will of Dessie M. Hall provided as follows:

"1.  I hereby give, devise and bequeath one-half (½) of all my property, real, personal and mixed, and wherever located, to my beloved husband, William M. Hall, to be his absolutely and in fee simple forever.

"2.  I hereby give, devise and bequeath the remaining one-half (½) of my property, real, personal and mixed and wherever located, to my beloved husband, William M. Hall, for and during the period of his natural lifetime, with full power to sell and convey said interest at any time or for the amount or amounts he deems for his best interest or for the best interest of my said estate; with full power to execute deeds of conveyance or other papers necessary to convey the same without any order of court therefor.

"3.  I hereby give, devise and bequeath any property designated in paragraph two above that remains undisposed of at the time of the death of my said husband, William M. Hall, to my legal heirs then living."

The will of William M. Hall was drafted in the same language. The wills were executed at the same time and are alleged to be reciprocal.

The evidence shows that at the time of the marriage of Dessie M. and William M. Hall, the former possessed considerable more property than the latter. In addition to her financial contribution to the marriage Dessie M. Hall's father gave them five cows and some calves which constituted the beginnings of their cattle herd. They worked together over the years. Each owned some real estate. Their chattel property was owned by both. Joint bank accounts were established which passed to William M. Hall on Dessie's death under the joint ownership agreement with the banks in which their money was

deposited. The property in the hands of the executor of the estate of William M. Hall was appraised at $68,364.24.

It is alleged by the plaintiff that on or prior to the making of the wills on January 18, 1950, Dessie M. Hall and William M. Hall entered into an oral agreement to make mutual and reciprocal wills wherein similar bequests of property were made by one to the other with a mutual understanding that all the property owned by them would descend on the death of the survivor, one-half to the heirs at law of Dessie M. Hall and one-half to the heirs at law of William M. Hall.

The defendants alleged that the property in joint tenancy vested in William M. Hall upon the death of Dessie M. Hall by virtue of joint tenancy agreements and not by will, and alleged further that if any agreement was made it was barred by the statute of frauds for the reason that it was not reduced to writing and no partial performance referring to, resulting from, or in pursuance to such oral contract is alleged or was done which would remove the bar of the statute.

We find no evidence in the record sufficient to sustain a finding that an agreement was made by Dessie M. and William M. Hall that the property of both should be divided between the heirs at law of each upon the death of the survivor. The evidence largely confines itself to the contributions of each to the marriage, the method of handling their property in their lifetime including the property held by them in joint tenancy, and the execution of their wills at the same time containing identical dispositions of their property. There is evidence by one witness, Clarence Phillips, that he was asked by William M. Hall to read the two wills after which Hall said: "They are exactly alike, if I die first it goes to Dessie, and if Dessie goes first it goes to me, and the rest is divided half to my people and half to hers." This evidence does not point to or support the alleged oral agreement. It was clearly an interpreta-

tion of the wills which the witness had just finished reading and was not an assertion of the existence of any agreement, oral or written. There was no other evidence of similar import in the record.

The present case is controlled by the reasoning in Diez v. Rosicky, 145 Neb. 242, 16 N. W. 2d 155, wherein we said: "It is the rule in this state that an oral agreement to devise or bequeath property is void and unenforceable as being within the statute of frauds, unless there has been part performance by the promisee which is solely referable to the contract sought to be established and not such as might be referable to any other contract or situation. Taylor v. Clark, 143 Neb. 563, 13 N. W. 2d 621. It is evident that the making of a will whereby all of testator's property is left to his wife is not of itself evidence of the existence of a contract between the testator and his wife. Nor is it evidence of part performance of a contract in the absence of other evidence indicating clearly that it was made pursuant to such an agreement. We do not think the record shows by clear, definite, satisfactory and unequivocal evidence that a contract was made. Declarations of intention or of the wishes of the parties do not tend to support any such conclusion. Neither will an alleged agreement made after the execution of the will afford a valid consideration for any such an agreement. * * * The evidence was conflicting to such an extent that we cannot say that a contract was established by clear, satisfactory and unequivocal evidence. But irrespective of this conclusion, plaintiffs' case must fail for the reason that it is not shown that the part performance relied on imports the existence of the pleaded agreement and no other. The record shows nothing which could be interpreted as part performance of the alleged contract, other than the fact that Wenzl Diez did make a will, leaving all his property to his wife. There is nothing unusual about a husband leaving all his property to his wife, in fact it is more or less the usual thing that is done. To

meet the requirements of the rule, the act alleged to constitute part performance must be such that its existence can be accounted for only by the existence of the pleaded agreement. It must refer to, result from, or be in pursuance of the oral contract sought to be enforced, and not from some other relation. The evidence produced does not meet this test." See, also, Overlander v. Ware, 102 Neb. 216, 166 N. W. 611; Lunkwitz v. Guffey, 150 Neb. 247, 34 N. W. 2d 256.

In the case at bar an oral contract was not established by clear, satisfactory, and unequivocal evidence. In fact, there was no evidence in the record tending to support any such agreement. In addition thereto, there is no evidence of part performance which imports the existence of the pleaded oral agreement and no other. To meet the requirements of the rule the act alleged to constitute part performance must be such that its existence can be accounted for only by the existence of the pleaded oral agreement. It must refer to, result from, or be in pursuance of the oral agreement sought to be enforced, and not from any other relation. Such was not the case here.

Plaintiff relies on Brown v. Webster, 90 Neb. 591, 134 N. W. 185, 37 L. R. A. N. S. 1196. The case is clearly distinguishable. It was decided on demurrer. The petition alleged that the husband and wife made an oral agreement by the terms of which it was agreed that the survivor should, on the death of the other, become the exclusive owner of all the property. Each made a will in furtherance of the agreement. Relying on the agreement the wife permitted the husband to use her property of considerable value as if it were his own. Just before his death the husband made a will in favor of certain nephews and thereby breached the agreement. The wife alleged that she had carried out the oral agreement by turning all her property over to her husband, which he used as his own, and that the husband had violated the agreement in revoking the will on which she

relied and thereby perpetrated a fraud on her. This court held that a cause of action had been stated and that defendants' demurrer to her petition had been erroneously sustained. The evidence to sustain the oral agreement and the part performance to remove the bar of the statute of frauds was not before the court in that case. It was here only on the pleadings. It does not support the position taken by the plaintiff in the present case.

The case of Mack v. Swanson, 140 Neb. 295, 299 N. W. 543, likewise relied on by the plaintiff, involved the violation of a common provision of reciprocal wills, which provision itself evidenced a previous mutual agreement between the husband and wife to make an irrevocable testamentary disposition of their property. The case does not support plaintiff's position as the plaintiff contends.

The judgment of the trial court dismissing plaintiff's petition is correct.

AFFIRMED.