H. HARLAN WYRICK ET AL., APPELLANTS, v. H. M. WYRICK, EXECUTOR OF THE ESTATE OF GEORGE H. WYRICK, DECEASED, ET AL., APPELLEES.

75 N. W. 2d 376

Filed March 9, 1956. No. 33885.

*Van Pelt, Marti & O'Gara* and *Emory P. Burnett,* for appellants.

*Doyle, Morrison & Doyle, Royce, Hampton, Dunham, Royce & Engelman,* and *Lafayette D. Hurley,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiffs sought specific performance of an alleged agreement to devise and bequeath property by will; to quiet title thereto in beneficiaries named in a joint will; and to impress a trust on the property involved. Issues were made and trial was had. The trial court dismissed plaintiffs' petition. Plaintiffs appeal. We affirm the judgment of the trial court.

It appears from the evidence that George H. Wyrick and Maggie G. Wyrick were married in 1916. They had no children.

At the time of the marriage, each had property of the value of about $6,000. Mr. Wyrick was a farmer. Mrs. Wyrick, by the marriage, became a housewife.

The evidence is that on November 26, 1930, Mr. and Mrs. Wyrick called upon their banker. They were at that time respectively about 51 and 54 years of age. They asked the banker to draw a will for them, told him they wanted a joint will, and "how they wanted it drawn." He then drafted the will and it was signed and witnessed. No reference was made to an oral agreement between them but they "evidently had some conversations about it before the Will was drawn." The will, so far as important here, provided as follows:

"It is our will and we do hereby direct that all the property of every description, real, personal or mixed belonging to us jointly or to either of us individually, shall at the death of either one, be and become the property of the one surviving.

"Provided however, that the said survivor shall have only a life estate therein and at the death of the said survivor, it is our will and we hereby direct that all the remaining property belonging to or owned by the survivor under said provisions of this will as above referred to, shall be divided and distributed as follows;

"One-half of all the said property of whatsoever description real, personal or mixed, we hereby will, devise and bequeath as follows; To the heirs, at law of R. W. Wyrick of Spokane, Washington the sum of One Hundred Dollars; to Harlan Wyrick son of Harry M. Wyrick of Ord, Nebraska the remainder of one half of said property, in the event of his death property to go to his father.

"The remaining one-half of said property above mentioned and as aforesaid, to be divided as follows; To the heirs at law, of E. J. Gebhart of Salina, Kansas nine-

tenths, the remaining one-tenth to be divided equally between Leslie Gebhart of Hollywood, California and the heirs at law of Clara Miller of Salina, Kansas; Bessie White of Salina, Kansas and George Gebhart of Forest Grove, Oregon.

"In event of the death of any one of the children of the said E. J. Gebhart, then the remaining children to share equally.

"In the event the one surviving should re-marry, the deceased (sic) interest is due and payable to his or her heirs.

"At the death of either one of the above mentioned testators it is our will and desire and we hereby nominate the surviving testator as the executor of the deceased and at the death of the survivor herein, we hereby nominate as executors, Harlan Wyrick, son of H. M. Wyrick and Edwin Gebhart, son of E. J. Gebhart."

Mrs. Wyrick died in November 1940. The will was probated as her will. Mr. Wyrick, as legatee under the provisions of the will, received the sum of $6,356. Mr. Wyrick remarried in January 1946. He immediately petitioned for further administration of Mrs. Wyrick's estate under the provision of the will that "In the event the one surviving should re-marry, the deceased (sic) interest is due and payable to his or her heirs." In that proceeding the remaindermen, under the terms of the will, were determined and the $6,356, less administration costs, was distributed to them. .

On February 7, 1952, Mr. Wyrick made his will providing for a distribution of his estate substantially at variance from the terms of the previous will.

Mr. Wyrick died in June 1953. His will was admitted to probate and his estate was in process of administration when this litigation began.

The plaintiffs are some of the remaindermen named in the will of November 1930. The defendants are others of the remaindermen, the executor of the estate of

Mr. Wyrick, and the beneficiaries under the 1952 will of Mr. Wyrick.

Plaintiffs recognize that their right to recover requires proof of an oral contract between Mr. and Mrs. Wyrick to make a joint testamentary disposition of all their property and that they have no direct proof of such a contract. They contend that Mr. and Mrs. Wyrick must have had such an agreement prior to the making of the 1930 will; that the contents of the will itself and the surrounding circumstances establish the existence of such a contract; that Mrs. Wyrick fully performed, and hence the contract became irrevocable; and that Mrs. Wyrick having fully performed, the statute of frauds does not apply.

Plaintiffs rely by analogy upon our decisions in Brown v. Webster, 90 Neb. 591, 134 N. W. 185, 37 L. R. A. N. S. 1196; Mack v. Swanson, 140 Neb. 295, 299 N. W. 543; Diez v. Rosicky, 145 Neb. 242, 16 N. W. 2d 155; and Eagan v. Hall, 159 Neb. 537, 68 N. W. 2d 147. They also rely on statements in the texts and cases from other jurisdictions.

Assuming, but not deciding, that the circumstances here are sufficient to show that Mr. and Mrs. Wyrick had an agreement of some sort regarding the disposition of their property by will, the question would still remain: What were the terms and conditions of that contract? The only place that an answer to that question can be found, if at all, is in the 1930 will itself. It is not our function here to construe the will save to search it to find if there is sufficient evidence there to sustain plaintiffs' contention.

At the time the 1930 will was made, Mrs. Wyrick had a separate estate. Her separate estate at death was in substantially the same amount. It appears in evidence that Mr. Wyrick, by inheritance and otherwise, had an increase of his separate estate so that at this death it was substantially larger than it was in 1930. There is no contention here that there was jointly-owned property.

. The only conclusion that can be drawn from this evidence is that at the time the will was drawn Mr. and Mrs. Wyrick each had a separate estate and thereafter retained separate estates.

The inevitability of death was recognized but nothing appears to indicate that either Mr. or Mrs. Wyrick then contemplated or had cause to contemplate an early death.

Plaintiffs point out that the 1930 will provides for an executor for the estate of the first and last to die. That provision does not establish or tend to establish the terms of a contract.

The will provides that "all the property of every description * * * belonging to * * * either of us individually, shall at the death of either one, be and become the property of the one surviving. * * * the said survivor shall have only a life estate therein and at the death of the said survivor * * * all the remaining property belonging to or owned by the survivor *under said provisions of this will as above referred to* shall be divided and distributed as follows;" Then follow the remaindermen clauses beginning with "One-half of all the *said* property" and "The remaining one-half of *said* property" under which the plaintiffs claim. (Emphasis supplied.)

The will fairly clearly relates the life estate and the remainder estate to the separate estate of the one first to die, being the property which passed to the survivor.

The applicable rule is: "When one claims the estate of a deceased person under an alleged oral contract, the evidence of such contract must be clear, satisfactory, and unequivocal." Eagan v. Hall, *supra*.

Plaintiffs do not here seek the remainder interest in the separate estate of Mrs. Wyrick, but rather they seek the separate estate of Mr. Wyrick, claiming that this will evidences an oral contract that gives them that interest.

Certainly there is nothing in the will or in the cir-

cumstances shown that clearly, satisfactorily, and unequivocally evidences such a contract.

We decided a quite comparable case in Jessop v. Brown, 104 Neb. 770, 178 N. W. 633. The facts and issues are set out in that decision. The contentions of the parties there and here made are there fully answered.

We there held that plaintiff's petition was "without equity."

The same holding is inescapable here.

The judgment of the trial court is affirmed.

AFFIRMED.