ARCHIE D. DREW ET AL., APPELLANTS, v. CHARLES H. HAWLEY ET AL., APPELLEES.

82 N. W. 2d 4

Filed March 29, 1957. No. 34114.

*Lyle B. Gill*, for appellants.

*Sidner, Lee, Gunderson & Svoboda* and *Robert L. Flory,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by Archie D. Drew and Frank M. Drew, plaintiffs and appellants, against Charles H. Hawley, the First National Bank of Fremont, Nebraska, a corporation, the Equitable Savings and Loan Association, a corporation, and the Nebraska State Savings and Loan Association, a corporation, defendants and appellees. The purpose of the action is to have a trust imposed upon certain moneys and properties which plaintiffs claim properly belong to them and others similarly situated by virtue of an agreement between Fred D. Drew and Nellie H. Drew, husband and wife, both now deceased, to make a joint, reciprocal, and irrevocable will, which will was duly made and was valid and subsisting at the time of their death, all of which moneys are claimed by the defendant Hawley as his own.

A trial was had to the court at the conclusion of which a decree was rendered in which it was adjudicated that the defendant Hawley was the true owner of all the money and property in question. Thereafter a motion for new trial was filed and by the court overruled. From this adjudication and the order overruling the motion for new trial the plaintiffs have appealed.

By the petition which is the basis of this action it is substantially alleged that on or about July 28, 1947, Fred D. Drew and Nellie H. Drew entered into an oral agreement to execute joint, reciprocal, and irrevocable wills whereby the survivor was to receive all the property of the two and that on the death of the survivor all of the property was to go to the plaintiffs herein and to a group of others similarly situated, whose names it is not necessary to set forth herein; that in pursuance of the agreement a will was duly made and executed on or

about July 28, 1947; that the will was never revoked by the two parties; that Fred D. Drew died òn October 13, 1954, at the age of 81 years and Nellie H. Drew died June 17, 1955, at the age of 84 years; that during the lifetime of Fred D. Drew and Nellie H. Drew they had a joint bank account with right of survivorship in the First National Bank of Fremont, Nebraska, and that they held jointly stock certificates, with right of survivorship, in the Nebraska State Savings and Loan Association of Fremont, Nebraska, and the Equitable Building and Loan Association of Fremont, Nebraska, now known as Equitable Savings and Loan Association of Fremont, Nebraska; that on May 28, 1954, the signature of Charles H. Hawley was added as a joint tenant with right of survivorship to the account in the First National Bank; that on or about March 10, 1955, the certificates of stock in the amount of $8,800 in the Nebraska State Savings and Loan Association were placed jointly in the names of Nellie H. Drew and Charles H. Hawley; that the same arrangement was effected as to $1,600 in stock of the Equitable Savings and Loan Association; and that on October 15, 1954, stock certificates in the Equitable Building and Loan Association in the amount of $2,562.80 were càshed and the money deposited in the joint account in the First National Bank.

It is further substantially alleged that Charles H. Hawley became joint tenant with right of survivorship in the bank account by reason of his undue influence exercised upon Fred D. Drew and Nellie H. Drew, and in the savings and loan certificates by his undue influence upon Nellie H. Drew.

It is further alleged in substance that on account of undue influence of Charles H. Hawley, which caused him to become joint tenant with right of survivorship as described, the contract of Fred D. Drew and Nellie H. Drew was breached, the consequence of which was to deprive the plaintiffs and the others similarly situated of the money and property involved, which money and

property would have passed to them under the provisions of the will contracted to be made.

It is further pleaded substantially that the defendant Hawley has possession and control of the moneys and shares of stock in question.

The purpose of the action is, during its pendency, to restrain the bank and the savings and loan associations from paying any money to the defendant Hawley and from making any transfers of the certificates, and as to the defendant Hawley to have the agreement to make the will established and to cause the money and property in the bank and in the savings and loan associations and any money received by the defendant Hawley, by virtue of the joint tenancy with right of survivorship arrangements described, to be distributed to the plaintiffs and the others similarly situated.

The bank and the two savings and loan associations filed separate answers, the contents of which are not deemed of importance here.

The defendant Hawley filed a separate answer and an amended answer. The amended answer contains the basic contentions of this defendant. To the extent necessary to set them forth herein, he denied generally the allegations of the petition. He admitted that Fred D. Drew and Nellie H. Drew attempted to make a joint will in 1947. He alleged substantially that if Fred D. Drew and Nellie H. Drew made a will in 1947 such will was not their last will and testament as of the time of their deaths; and that the moneys and property which are the subject of controversy in this action were not the subject of testamentary disposition for the reason that they were the property of this defendant by reason of the fact that he was validly a joint tenant with right of survivorship of the bank account at the time of the death of Fred D. Drew, and that he was validly a joint tenant with right of survivorship of the bank account and the certificates of stock in the Nebraska State Savings and Loan Asso-

ciation and the Equitable Savings and Loan Association at the time of the death of Nellie H. Drew.

The plaintiffs for reply to the extent necessary to state here filed a general denial.

The district court after a trial on these issues, as has been pointed out, found and decreed that the plaintiffs had failed to sustain a cause of action against the defendants or either of them.

As grounds for reversal of this adjudication the plaintiffs have set forth numerous assignments of error. These however will not be referred to specifically since in summary they present the question of whether or not the evidence under law sustains a cause of action in favor of the plaintiffs.

In order that it may be said that the cause of action has been sustained the preponderance of the evidence first must show that there was an agreement to make a reciprocal will and that there was part performance thereof. In Sopcich v. Tangeman, 153 Neb. 506, 45 N. W. 2d 478, it was said: "One seeking specific performance of an oral contract to will property to him has the burden not only of proving the contract but also that he has performed the obligations imposed upon him thereby." See, also, Peters v. Wilks, 151 Neb. 861, 39 N. W. 2d 793.

The case at bar is not of course, in the strict sense, a case seeking specific performance as was the case of Sopcich v. Tangeman, *supra,* but it is one having the same purpose. The rule however in the class of cases wherein interested third parties are seeking to enforce such an agreement is the same. This was pointed out in Eagan v. Hall, 159 Neb. 537, 68 N. W. 2d 147. That was a case wherein a third party was seeking the benefit of an alleged oral agreement to make a will. In the syllabus it was said: "When one claims the estate of a deceased person under an alleged oral contract, the evidence of such contract must be clear, satisfactory, and

unequivocal." See, also, Wyrick v. Wyrick, 162 Neb. 105, 75 N. W. 2d 376.

The record in this case conclusively shows that on or about July 28, 1947, Fred D. Drew and Nellie H. Drew, in pursuance of an agreement, did execute a joint and purportedly irrevocable will in form and substance as contended by the plaintiffs. A stipulation of the parties unequivocally so purporting appears in the bill of exceptions.

The record fails to disclose any information as to what became of the will thereafter. As to whether or not it was destroyed or revoked by the parties there is no information. There is testimony by the defendant Hawley the effect of which is to say that at the request of Nellie H. Drew he procured for her from a safety deposit box an envelope which she said contained a will. He said he did not know what it contained and that the contents of the will, if there was one, were never disclosed to him.

This state of the record leaves the plaintiffs without evidence to sustain their burden of showing that the will of 1947 had not been revoked by Fred D. Drew and Nellie H. Drew in their lifetime. In Williams v. Miles, 68 Neb. 463, 94 N. W. 705, 110 Am. S. R. 431, 62 L. R. A. 383, it was said: "Where a will is shown to have been made and left in the custody of the testator, if it cannot be found after his death the presumption is that the testator destroyed it animo revocandi." This pronouncement was quoted with approval in the syllabus of In re Estate of Ladman, 128 Neb. 483, 259 N. W. 50. See, also, In re Estate of Drake, 150 Neb. 568, 35 N. W. 2d 417.

Also in Williams v. Miles, *supra,* it was said: "But this is a presumption of fact only. It may be overcome by evidence, circumstantial or otherwise, to the contrary; and declarations of the testator may be shown for this purpose." This was likewise quoted with approval in the syllabus of In re Estate of Ladman, *supra.*

In the case here the presumption must prevail, since there is no evidence of any kind or character to overcome it.

It follows therefore that the plaintiffs have failed to establish any right to recover anything for themselves, or the others claimed to be represented by them, by virture of any contract to make a will entered into between Fred D. Drew and Nellie H. Drew or any will executed in pursuance of such agreement.

Assuming however that there was such a will as claimed which had not been revoked prior to the death of the makers, still on the record in the case none of the property on which it is sought to have a trust imposed could pass under the will, and for that reason the plaintiffs could not be allowed to prevail in this action.

It is not contended by the plaintiffs that in form the defendant Hawley did not take all of the property in question as the survivor of joint tenancies. It is the contention that the joint tenancies came into being as the result of undue influence of Hawley exercised upon the other tenants.

A well-settled rule as to proof of undue influence is stated as follows in Parkening v. Haffke, 153 Neb. 678, 46 N. W. 2d 117: "The burden of proof is on the person asserting undue influence to prove by a preponderance of the evidence (1) that the grantor, testator, or donor was a person who would be subject to such influence, (2) that there was an opportunity to exercise such influence, (3) that there was a disposition to exercise such influence, and (4) that the result was the effect of such influence." This rule has no exceptions. In re Estate of Hagan, 143 Neb. 459, 9 N. W. 2d 794, 154 A. L. R. 573; In re Estate of George, 144 Neb. 887, 15 N. W. 2d 80.

There is no evidence in the record either direct or circumstantial to support any of these elements except that of opportunity. The plaintiffs called no witness to testify with regard to this or, for that matter, any other

phase of the case, except Hawley. And as a witness the only inquiry made of him related to the matter of his removing an envelope and contents from a safety deposit box.

Hawley, who was a brother of Nellie H. Drew, testified in his own behalf, as did representatives of the other defendants. In none of this was there anything tending to sustain the charge of undue influence. Their testimony was all to the contrary. Also there was no evidence upon which to base a finding that there was a failure of regularity in the creation of the joint tenancies with right of survivorship by which the defendant Hawley became a tenant.

Accordingly the judgment of the district court should be and it is affirmed.

AFFIRMED.