IN RE ESTATE OF ANTON J. FISHER, DECEASED.
ARDATH D. HOBER, APPELLEE, V. E. B. MCARDLE, APPELLEE,
STATE OF NEBRASKA, APPELLANT.
113 N. W. 2d 625

Filed March 16, 1962. No. 35089.

*Clarence A. H. Meyer,* Attorney General, and *Bernard L. Packett,* for appellant.

*Herbert T. White, Rudolph Tesar,* and *Burbridge & Burbridge,* for appellee Hober.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding to probate a lost will. Anton J. Fisher, the testator, died August 15, 1958.

Ardath D. Hober, the appellee, is the proponent. She is the sole beneficiary in the will and is named as executrix. The deceased and Ardath D. Hober were married in 1935 and divorced in 1938.

The State of Nebraska is the appellant and the contestant. While the petition to probate the will was pending, the county court, as required by section 30-217.01, R. R. S. 1943, notified the Attorney General that the matter was pending and that the heirs of the deceased were unknown. The Attorney General then filed objections to the probate of the will, alleging that if it had been executed it had been revoked; that the deceased died intestate leaving no heirs; and that his property had escheated to the State of Nebraska.

The county court found that the deceased had revoked the will in his lifetime, that it should not be admitted to probate, and appointed E. B. McArdle as administrator of the estate. The administrator appears as an appellee in this court but has no right to contest

the will. In re Estate of Sexton, 146 Neb. 618, 20 N. W. 2d 871.

The proponent appealed to the district court where, after trial to the court without a jury, the court found that the will should be admitted to probate. The contestant's motion for new trial was overruled and it has appealed.

The assignments of error which require consideration are, in substance, that the finding and judgment of the district court is not supported by the evidence. By agreement of counsel a jury was waived. Under such circumstances the finding of a trial court is equivalent to the verdict of a jury and will not be disturbed unless clearly wrong. Thus, in reviewing the evidence it must be considered in the light most favorable to the proponent, every controverted fact must be resolved in the proponent's favor, and the proponent must have the benefit of every inference that can reasonably be deduced therefrom. Roberts Constr. Co. v. State, 172 Neb. 819, 111 N. W. 2d 767.

The evidence shows that the will in question was executed by the deceased on April 11, 1949, at Omaha, Nebraska. One of the witnesses to the will testified that he had prepared the will at the request of the deceased. This witness identified a carbon copy of the original will and testified that the will had been executed by the deceased as required by law. The other witness to the execution of the will is dead. After the will had been executed, the deceased deposited it with the county judge for safekeeping.

The proponent produced evidence that the testator and the proponent remained on friendly terms until his death, and specifically that this relationship continued after October 1955. The proponent testified that the deceased told her on a number of occasions, both before and after October 1955, that he had made a will leaving everything to her and that the will was at the courthouse. Two of the conversations took place in the pres-

ence of Ethel Berghahn. One occurred about 3 weeks before the death of the testator and another took place at the hospital during his last illness. Ethel Berghahn corroborated the testimony of the proponent as to these two conversations and testified to similar declarations of the testator on another occasion. The proponent produced two other witnesses who testified to similar declarations of the testator made after October 1955. There is no evidence that any of these witnesses, except the proponent, would benefit from the will being admitted to probate.

After the death of the deceased the will could not be found. It had been withdrawn from the office of the county judge on October 24, 1955, by Anton R. Stolinski. The principal question in this case is what happened to the will after it was withdrawn from the office of the county judge.

The proponent was required to show what became of the original will, in whose custody it was placed, and account for its nonproduction in the probate proceedings. In re Estate of Francis, 94 Neb. 742, 144 N. W. 789, 50 L. R. A. N. S. 861. In an effort to meet this burden of proof the proponent produced evidence that the statutory procedure for withdrawing the will from the office of the county judge was not followed. The proponent's theory is that if the statutory procedure was not followed, then the will should be considered to be still in the legal custody of the county judge, and the burden of proof to account for the will is satisfied.

The statute, section 30-211, R. R. S. 1943, provides that the will shall be delivered only to the testator or "to some person authorized by him, by an order in writing, duly proved by the oath of a subscribing witness." The proponent produced a handwriting expert who testified that in his opinion the signature of the deceased on the written authorization was not genuine. The evidence also shows that the subscribing witness to the signature of the deceased on the authorization did not appear be-

fore the notary public who executed the jurat on the authorization.

The contestant argues that the proponent's evidence traced the custody of the will to Stolinski and that the proponent was bound to produce the testimony of Stolinski to show what happened to the will after it was delivered to him. This argument assumes that the proponent had no right to question the testimony of Stolinski as to what he did with the will.

The contestant produced the testimony of Stolinski who testified that he had been acquainted with the deceased for about 25 years; that at the request of the deceased he inquired at the county court about withdrawing the will; that the deceased signed an authorization to withdraw the will in his presence and in the presence of Edna Christensen; that he presented the authorization at the office of the county judge and received a sealed envelope; and that he delivered the sealed envelope to the deceased who put it in his pocket. The testimony of Stolinski was corroborated by the testimony of Edna Christensen who testified that she and Stolinski were present when the deceased signed the authorization and that she then signed as a witness. His testimony was further corroborated by the testimony of George Christensen who testified that in October 1955, he saw Stolinski hand an envelope to the deceased and saw the deceased place the envelope in his pocket. There is no evidence that Stolinski or the Christensens would benefit in any way from the destruction of the will.

If the testimony of Stolinski was binding on the trial court, then there is a presumption that the will was revoked. A will which was left in the custody of the testator, and which cannot be found after his death, is presumed to have been destroyed by the testator with the intention of revoking it. Drew v. Hawley, 164 Neb. 141, 82 N. W. 2d 4. The presumption is one of fact and may

be overcome by evidence, circumstantial or otherwise, to the contrary. The declarations of the testator may be shown for this purpose. Williams v. Miles, 68 Neb. 463, 94 N. W. 705, 110 Am. S. R. 431, 62 L. R. A. 383. The evidence required to overcome the presumption of revocation of a lost will must be clear, unequivocal, and convincing. In re Estate of Drake, 150 Neb. 568, 35 N. W. 2d 417.

There is no presumption that a lost will was revoked. If the will is not shown to have been in the custody of the testator, then a presumption of revocation does not arise. 2 Page on Wills (Lifetime Ed.), § 873, p. 723; 95 C. J. S., Wills, § 385, p. 287; Annotation, 3 A. L. R. 2d 949. A will which was delivered to a third person after its execution, and which cannot be found after the death of the testator, is presumed to have been lost. 57 Am. Jur., Wills, § 549, p. 378; Annotation, 34 A. L. R. 1304. If the will is traced out of the testator's custody, the burden is on the party alleging revocation to show that the will was returned to the control of the testator or destroyed at his direction. Williams v. Miles, *supra*.

As we review the record, the question in this case as to what happened to the will after it was withdrawn from the office of the county judge was a question of fact. The contestant produced direct evidence that the will was returned to the testator, but this evidence was not conclusive. The weight of the evidence and the credibility of the witnesses are for the trier of fact. The trial court had a right to reject the evidence of the contestant.

The conclusion to be drawn from the proponent's evidence, if believed, was that the will was withdrawn from the office of the county judge without the knowledge or consent of the testator and that he died thinking that his will leaving everything to the proponent was still in the custody of the county judge.

The evidence was sufficient to sustain the finding and judgment of the district court that the will should

be admitted to probate as a lost will. There being no error, the judgment is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.