390 P.2d 657

**ALBUQUERQUE NATIONAL BANK, Executor of the Estate and Last Will and Testament of Elizabeth C. Hegemann, Deceased, Contestee-Appellee,**

v.

**Mrs. Lewis E. JOHNSON and Gove Compton, Contestants-Appellants.**

**No. 7370.**

Supreme Court of New Mexico.

March 23, 1964.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, James A. Parker, Botts, Botts, & Mauney, Albuquerque, for appellee.

Sutin & Jones, Snead & Hansen, Albuquerque, for appellants.

NOBLE, Justice.

Appellants, heirs at law of decedent, have appealed from a judgment of the district

court, on appeal from the probate court, admitting to probate a will of Elizabeth C. Hegemann, deceased, dated April 13, 1961, and a codicil of December 21, 1961.

The codicil recites that testatrix published and declared her last will and testament on April *12*, 1961, and directed that it continue in effect except as to the items specifically bequeathed by the codicil. There was a stipulation that the will of April *13*, 1961 and the codicil were properly executed and attested and that the testatrix had testamentary capacity.

Appellants' contest rests upon their contention that the codicil republished a will of April 12, 1961 as of the date of the codicil December 21, 1961 and, therefore, revoked the intermediate will of April 13. No will of April 12, 1961 has been found or produced. Appellants argue that in the absence of proof of such a will, decedent died intestate and they, consequently, inherit.

New Mexico has enacted legislation providing that wills may be revoked by a later instrument only by express revocation or by implied revocation by a later instrument disposing of the same property in a manner inconsistent with its disposition by the former will. Section 30-1-8, N.M.S.A.1953, reads:

"Any will may be revoked by the testator by an instrument in writing, executed and attested in the same manner as is required by law for the execution and attestation of a will, by which instrument the maker distinctly refers to such will and declares that he revokes it; or such will may be revoked by the making of a subsequent valid will disposing of the same property covered by the first will, although no reference be made in the later will to the existence of the earlier one."

Such statutes are generally held to be mandatory and controlling, and where the subject of revocation is regulated by statute a will may be revoked only in the manner described by the statute. Yont v. Eads, 317 Mass. 232, 57 N.E.2d 531; Boyd v. Gorrell, 376 Ill. 132, 33 N.E.2d 190; Harchuck v. Campana, 139 Conn. 549, 95 A.2d 566; Crampton v. Osborn, 356 Mo. 125, 201 S.W.2d 336, 172 A.L.R. 344; In re Kemper's Estate, 157 Kan. 727, 145 P.2d 103; In re Barrie's Estate, 240 Iowa 431, 35 N.W.2d 658, 9 A.L.R.2d 1399; 2 Bowe-Parker, Page on Wills, § 21.3.

At common law, prior to the Statute of Frauds and Statute of Victoria, any act or declaration of a testator which showed an intent to revoke was effective. The number of abuses in attempts to defeat valid wills led to the statutes in England and, subsequently, to statutes in most of the states. Since the Statute of Frauds and of Victoria, a prior will may be revoked by a subsequent testamentary instrument in only two ways:

72

By express revocation where the testator's intent must appear in the language of the revoking instrument, affirmatively showing such intention; and, by implied revocation by making a disposition of the property by a later will which is inconsistent with its disposition in the earlier will. 2 Bowe-Parker, Page on Wills, § 21.40. The requirements of the New Mexico statute are identical with those of the common law after the English statutes.

■ Appellants claiming revocation have the burden of establishing that the testator revoked the April 13 will either by express language, or by implication by a later testamentary instrument disposing of the property in a manner inconsistent with its disposition by the former will. 3 Bowe-Parker, Page on Wills, § 29.137; In re Rinker's Estate, 158 Kan. 406, 147 P.2d 740; First National Bank of Adams v. Briggs, 329 Mass. 320, 108 N.E.2d 548; In re Marsden's Estate, 217 Minn. 1, 13 N.W.2d 765. There must be concurrence of intent and act to effect a revocation. The authorities (except Alabama, where a somewhat different rule prevails, and Texas, under specific statute) are agreed that the mere fact of the making of a subsequent testamentary instrument does not work a total revocation of a prior will. A subsequent testamentary instrument which is partially inconsistent with an earlier one revokes the former only

as to those parts that are inconsistent. 59 A.L.R.2d 11, 28.

■ The codicil neither referred to the will of April 13 nor declared it to be revoked. It follows that there was no express revocation. Applying this rule, and assuming that the language of the codicil was sufficient to republish a will dated April 12, 1961, if there was such a will, and that such republished will would take the date of the codicil, it becomes apparent that appellants' contention of revocation of the will of April 13 by a republished will of April 12 with the date of the codicil of December 21, 1961 lacks merit. First, and most important, no will dated April 12, 1961 has been produced. There has been a complete failure to offer a testamentary instrument executed or published later than the will of April 13 making a different disposition of the same property except as to the photographs and prints bequeathed by the codicil. Even if we could assume from mere reference to it by the codicil that there was a will of April 12, 1961, in the absence of its production it would be drifting into the realm of pure speculation to further presume that the provisions of such a will were so repugnant to the will of April 13 as to operate as a revocation. In this case there is a complete failure to establish (1) whether there was, in fact, such an instrument; (2) if there was one, whether it constituted a valid testamentary instrument;

and (3) whether, if there was such a will, upon republication it expressly or impliedly revoked the offered will of April 13.

It is clear to us that the codicil itself only bequeaths certain photographs and prints, so that it can only impliedly revoke a prior will to the extent that its disposition of that property is inconsistent with the disposition of the same property by a former testamentary instrument. We conclude that the appellants have failed to carry their burden of establishing an intent on the part of the testatrix to revoke the will of April 13, 1961, except to the extent that the codicil of December 21, 1961 disposes of the photographs and prints therein described to different beneficiaries than said property was bequeathed by the will of April 13. 51 A.L.R. 654; 59 A.L.R.2d 11, 30, and representative decisions there cited.

The view we have taken makes it unnecessary to determine other questions presented and argued. Even though the trial court may have based its decision upon other grounds, the judgment will be affirmed since it can be sustained upon correct legal principles. Ortiz v. Gonzales, 64 N.M. 445, 329 P.2d 1027; Cross v. Erickson, 72 N.M. 73, 380 P.2d 520.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.