403 P.2d 693

Leonard J. PERSCHBACHER, Executor of the Last Will and Testament of Katie Perschbacher, Deceased, Proponent-Appellee,

v.

Mary E. MOSELEY, Protestant-Appellant.

No. 7536.

Supreme Court of New Mexico.

June 28, 1965.

Krehbiel, Alsup & Beck, Clayton, for appellee.

Ethan K. Stevens, Clayton, Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Albuquerque, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Val R. Miller, Oklahoma City, Okl., for appellant.

NOBLE, Justice.

A copy of an instrument purporting to be the last will of Katie Perschbacher, deceased, was admitted to probate over the protest of Mary E. Moseley, mother and

sole heir at law of the decedent. The original instrument was alleged to have been lost or mislaid after decedent's death. On appeal to the district court, the issues were tried to a jury and resulted in a verdict finding that Katie Perschbacher died testate leaving a valid and unrevoked will. A motion for judgment notwithstanding the verdict was denied and this appeal followed.

The protestant relies heavily upon the presumption said to arise that a will known to have been in existence during the testator's lifetime, which cannot be found upon his death, was destroyed by the testator with an intention to revoke it. She argues that the proponent had the burden of establishing nonrevocation; that this burden was not discharged; that the presumption of revocation has not been overcome; and that the evidence established an actual destruction of the will with the intention that it be revoked.

About half of the states expressly provide by statute the elements that must be established in order to probate a lost will, 3 Page on Wills (Bowe-Parker Rev.) § 27.2, p. 359. This is a matter of first impression in New Mexico since we have neither a statute nor decision defining the requirements for proof of a lost will. It appears to be the consensus that, in addition to accounting for non-production of the original instrument, the proponent of a missing will must prove its due execution, its contents, and facts or circumstances showing its non-revocation. Caudill v. Loar, 293 Ky. 223, 168 S.W.2d 757; White v. Brennan's Adm'r, 307 Ky. 776, 212 S.W.2d 299, 3 A.L.R.2d 943; Hollon's Executor v. Graham (Ky.) 280 S.W.2d 544; In re Lawrence's Estate, 251 Iowa 305, 100 N.W.2d 645. The proponent must prove his case by evidence that is clear, satisfactory, and convincing, but it need not be free from doubt. In re Lawrence's Estate, supra; Anno. 126 A.L.R. 1139, 1141–43. Compare Johnson v. Johnson, 74 N.M. 567, 396 P.2d 181; Keil v. Wilson, 47 N.M. 43, 133 P.2d 705, 148 A.L.R. 397.

It will be presumed that the instrument was destroyed by the testator with the intention of revoking it if the proponent fails to give an explanation for the absence of a will which was in the testator's possession or in a place to which he had ready access. Blalock v. Riddick, 186 Va. 284, 42 S.E.2d 292; Drew v. Hawley, 164 Neb. 141, 82 N.W.2d 4; 3 Page on Wills (Bowe-Parker Rev.) § 29.163; Anno. 3 A.L.R.2d 950. However, where due execution of the will and its contents are established, and the proponent makes a prima facie showing that it was not thereafter either in the testator's possession or in a place readily accessible to him, no presumption of revocation arises on failure to find it. There is then the presumption that it was lost and the burden of showing revocation is upon the party asserting it. In re Fisher's Estate, 173 Neb. 510, 113 N.W.2d 625; Thompson

v. Dobbs (Tex.Civ.App.1950) 234 S.W.2d 939; Ballard v. Cox, 191 Va. 654, 62 S.E.2d 1; Page v. Parks, 232 Iowa 879, 6 N.W.2d 298, and cases there cited. Clearly, if the will is traced into the custody of one other than the testator, and the testator had no access thereto, the burden is then cast upon the protestant to show that it was returned to the testator's control or was destroyed at his direction. In re Fisher's Estate, supra; Page v. Parks, supra; Cf. Ballard v. Cox, supra.

The facts are largely uncontroverted. It is not questioned that the proponent established due execution of the will and its contents. There was testimony that the original instrument could not be found after testatrix' death, and, in accounting for its nonproduction and in seeking to establish nonrevocation, the proponent produced evidence that from the time of its execution until the latter part of November, 1961, the will remained in the custody of the lawyer of the testatrix in Clayton, New Mexico. He mailed it by certified mail addressed to Mrs. Perschbacher at a hospital in Carnegie, Oklahoma, where she was a patient. The post office records show that this mail was signed for on November 30, 1961, by the hospital administrator, but the record is completely silent as to what happened to it thereafter. There is evidence that Mrs. Perschbacher was so afflicted that she could not physically have destroyed the will.

Since the original instrument was thus shown to have been in the custody of persons other than the testatrix, the burden was thrust upon the protestant to prove revocation. In an effort to trace it into testatrix' possession and to thereby raise the presumption of its destruction and revocation, the protestant argues that a letter sent in due course of mail is presumed to have been received by the addressee, citing Adams v. Tatsch, 68 N.M. 446, 362 P.2d 984, and Hood v. Bond, 42 N.M. 295, 77 P.2d 180. However, we are unable to adopt protestant's theory, even though there may be a presumption of delivery to the addressee by one who signs for a registered letter as agent of the addressee, Graham v. Commercial Credit Company, (Del.Ch.,) 194 A.2d 863; Nemo v. Local Joint Executives Board, 227 Minn. 263, 35 N.W.2d 337, 811, because one presumption cannot be based upon another presumption. McCarty v. Purser (Tex.Civ.App.) 373 S.W.2d 293; International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.2d 1040; White v. Brennan's Adm'r, supra, a rule which was recognized by this court in Hepp v. Quickel Auto & Supply Co., 37 N.M. 525, 25 P.2d 197.

In her final effort to establish revocation, protestant asserts that the proof requires a conclusion that the testatrix actually caused the will to be destroyed with the expressed intention of revoking it.

This contention is based upon evidence that on December 23, 1961, Mrs. Perschbacher received a special delivery letter from Noble, Oklahoma, which was receipted for by her nurse who held the unopened envelope in front of Mrs. Perschbacher. After viewing the envelope, but without having it opened or its contents examined, the testatrix said that it was her will, that she "did not want it," and directed her nurse to tear it up. In loyal and unquestioning compliance, the nurse destroyed the unopened envelope and its contents. It thus appears that, at such time, Mrs. Perschbacher thought her will was in existence and wanted to revoke it. However, mere intention alone, no matter how unequivocal, is not sufficient to effect the revocation of such a solemn instrument.

Protestant appears to concede that there is no direct evidence that the will was contained in the special delivery mail, but she argues that an inference may be drawn that the will somehow got into the possession of testatrix after November 30, 1961, was delivered to J. B. Perschbacher, one of the beneficiaries, who lived in Noble, Oklahoma, and that he returned it to her by the special delivery mail received on December 23, 1961. The theory is completely untenable because, not only has protestant been unable to point to any fact or circumstance in the evidence which could reasonably give rise to such an inference, but J. B. Perschbacher specifically denied that he had ever seen or had possession of the original will, or that he sent such original will or, in fact, any special delivery letter to the testatrix. Both the jury and the trial court, who heard the evidence, rejected protestant's theory.

The verdict of the jury will not be disturbed unless unsupported by substantial evidence. An appellate court will not reverse, unless, after viewing the evidence in the light most favorable to support the verdict, it is convinced that such verdict cannot be sustained either by the evidence or permissible inferences therefrom. Padilla v. Winsor, 67 N.M. 267, 354 P.2d 740; Johnson v. Johnson, supra. There is not a scintilla of evidence or a circumstance to show that Mrs. Perschbacher ever had possession of or access to the will after its execution. Under such circumstances, the will is presumed to have been lost.

The evidence was sufficient to sustain the findings of the jury and the judgment of the trial court that the copy should be admitted to probate as a lost will. There being no error, the judgment is affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.