1999-NMCA-093

985 P.2d 1230

**In the Matter of the ESTATE OF Jose C. MARTINEZ, Deceased.**

**Cristina Sanchez, Petitioner–Appellant,**

**v.**

**Bruno Martinez, Juan Martinez, David Martinez Sr., Estella Parra, Josie Martinez, Anna Pando, Consuelo Martinez, Salvador Martinez, and Elias Martinez, Respondents–Appellees.**

**No. 19,788.**

Court of Appeals of New Mexico.

June 8, 1999.

Norman McDonald, Norman McDonald, P.A., Belen, for Appellant.

Bruno Martinez, Juan Martinez, and Consuelo Martinez, Albuquerque, Pro se Appellees.

David Martinez Sr., Estella Parra, and Anna Pando, Los Lunas, Pro se Appellees.

Josie Martinez, Austin, Pro se Appellee.

Salvador Martinez and Elias Martinez Belen, Pro se Appellees.

## OPINION

DONNELLY, Judge.

{1} This case poses the question of whether a prior valid will may be revoked by the decedent's act of signing a nontestamentary written instrument stating that it is his intent to revoke his prior will. For the reasons discussed herein, we conclude that the purported revocation was invalid, and thus, reverse.

## FACTS AND PROCEDURAL POSTURE

{2} On June 6, 1984, Jose C. Martinez (the decedent) executed a will appointing his daughter, Cristina Sanchez (Appellant), as his personal representative, and directing, among other things, that certain realty owned by him and located in Valencia County, New Mexico, be devised to two of his children, Juan Martinez and Consuelo Martinez.

{3} On January 23, 1995, prior to his death, the decedent executed a document entitled "Revokation [sic] of Last Will and Testament of Jose Martinez." The instrument recited, in applicable part:

I, the undersigned JOSE MARTINEZ, a legal resident of the City of Los Lunas, County of Valencia, State of New Mexico, being of very sound and disposing mind and memory, and not under any restraint or undue influence of any kind, do hereby make, publish and declare hereby revoking a previous WILL which was executed approximately ___Twelves [sic]___ years ago, which I had named my daughter, Cristina Sanchez as Personal Representative, where as [sic] this said aforemention [sic] Last Will and Testament I am revoking on this date of January 23, 1995.

Also there was [sic] additional names; Consuelo Martinez and Juan Martinez.

Witness my hand and seal on this 23rd. day of January 1995,

_____ (SEAL)

_____
Jose Martinez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

The foregoing instrument was acknowledged before me this 23rd. day of JANUARY, 1995, by Jose C. Martinez by his mark X

My Commission Expires:

(Seal)     3/25/96

s/Lou Gurule
Notary Public

{4} The instrument bore an illegible signature which the trial court found to be that of the decedent. The instrument also contained the signature of Consuelo Martinez and the recording stamp of the county clerk of Valencia County.

{5} After the death of the decedent on February 19, 1997, Appellant filed a petition to probate the decedent's will. The petition recited that the decedent left as his survivors, ten children, including Appellant. Five of the decedent's children, Bruno Martinez, Consuelo Martinez, Salvador Martinez, Estella Parra, and Juan Martinez, appeared pro se at the hearing on the petition to admit the will to probate and contested the validity of the will. At the conclusion of the hearing, the trial court ruled that the will was revoked by the decedent by his execution of the instrument signed by him on January 23, 1995. Based upon this determination, the trial court found that the decedent had died intestate.

## DISCUSSION

{6} Appellant argues that the trial court erred in finding that the decedent's will was properly revoked because the instrument which purported to effect the revocation was not in conformity with the statutory provisions governing the permissible methods for revoking a will as set out in the Uniform Probate Code, and additionally, that the written document which purported to revoke the decedent's will was not executed with the necessary formality required by law.

{7} The facts underlying this appeal are essentially uncontested, and consequently, we review the record to determine whether the trial court correctly applied the law to the facts. *See Amica Mut. Ins. Co. v. Maloney*, 120 N.M. 523, 527, 903 P.2d 834, 838

(1995); *Investment Co. v. Reese*, 117 N.M. 655, 657, 875 P.2d 1086, 1088 (1994).

{8} NMSA 1978, § 45–2–507 (1993) sets out the methods by which a will may be revoked. This section provides, in pertinent part:

A. A will or any part thereof is revoked:

(1) by executing a subsequent will that revokes the previous will or part expressly or by inconsistency; or

(2) by performing a revocatory act *on the* will if the testator performed the act with the intent and for the purpose of revoking the will or part or if another individual performed the act in the testator's conscious presence and by the testator's direction. For purposes of this paragraph "revocatory act on the will" includes burning, tearing, canceling, obliterating or destroying the will or any part of it. A burning, tearing or canceling is a "revocatory act on the will", whether or not the burn, tear or cancellation touched any of the words on the will.

(Emphasis added.)

■ {9} Two prior decisions of our Supreme Court, *Albuquerque National Bank v. Johnson*, 74 N.M. 69, 390 P.2d 657 (1964), and *Perschbacher v. Moseley*, 75 N.M. 252, 403 P.2d 693 (1965), are cited by Appellant in support of her challenge to the trial court's ruling. The first case held, among other things, that statutes providing for revocation of wills are mandatory and that generally a will may be revoked only in the manner prescribed by statute. *See Albuquerque Nat'l Bank*, 74 N.M. at 71, 390 P.2d at 658. Similarly, the Court in *Perschbacher* held that the intent of the testator, no matter how unequivocal, is insufficient to effect revocation if it does not comply with the statutory method of revocation. *See id .*, 75 N.M. at 256, 403 P.2d at 695. *See generally* E.T. Tsai, Annotation, *Revocation of Will by Nontestamentary Writing*, 22 A.L.R.3d 1346 (1968).

{10} Although both *Albuquerque National Bank* and *Perschbacher* predate the enactment of the present Probate Code and Section 45–2–507(A), set out above, we see

nothing in the current statutory provisions that modifies the holding of these cases.

■ {11} As observed in 22 A.L.R.3d § 2[a], at 1351:

Generally, the question whether a will can be revoked by a writing not testamentary in character depends upon the provisions of the governing statute. In most states, the statute relating to wills usually provides that a will may not be revoked otherwise than by a subsequent will or codicil or "some other writing of the testator declaring such revocation," executed with the same formalities required of wills. . . . But where the statute omits the clause "some other writing" or its equivalent, and simply states that no will shall be revoked except by some other "will, testament or codicil in writing, declaring the same," it has been held that a will may not be revoked by a writing not testamentary in character.

Here, the trial court erred in concluding that the decedent revoked his will, and did so because this instrument purporting to do so does not satisfy the will requirement of Section 45–2–507(A). In particular, the decedent's later instrument is not a will because it is not testamentary in nature. *See* NMSA 1978, § 45–1–201(A)(53) (1995) (a will is "any testamentary instrument" that "revokes or revises another will," among other things). "A testamentary instrument is one that operates only upon and by reason of the death of the maker." *Vigil v. Sandoval*, 106 N.M. 233, 235, 741 P.2d 836, 838 (Ct.App.1987); *see also Black's Law Dictionary* 1474 (6th ed.1990) (an instrument is testamentary in nature "when it is written or made so as not to take effect until after the death of the person making it"; a testamentary disposition is "[t]he passing of property to another upon the death of the owner."). Here, the later instrument would have taken effect immediately, not after the death of the decedent. Accordingly, the instrument was nontestamentary in character.

■ {12} Section 45–2–507 of the Probate Code specifies the exclusive means of revocation of a prior valid will. That section contains no provision that permits a testator to revoke a will by execution of a nontestamentary document. Moreover, even if the

later instrument had contained provisions so as to make it testamentary in nature, the instrument before us was not properly executed and witnessed in the manner required by NMSA 1978, § 45–2–502 (1995). Section 45–2–502(C) requires that a will be "signed by at least two individuals." The instrument here was signed by one person, a notary public. Thus, the instrument does not satisfy the requirements for execution and witnesses specified by the statute.

*CONCLUSION*

{13}  The order declaring the decedent's prior will to be invalid and declaring the decedent to have died intestate is reversed and the cause is remanded to the trial court for further proceedings consistent herewith. Appellant is awarded her costs on appeal.

{14}  IT IS SO ORDERED.

BOSSON and SUTIN, JJ., concur.