Testator, after executing his will, took a red pencil and wrote the words null and void, with his name and the date, across the face of each sentence containing any disposition of property. *Held*, that there being no extrinsic evidence of the transaction, except that the paper was in testator's custody at his death, such act constituted a "cancellation" requiring a denial of probate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 446; Dec. Dig. § 185.*

For other definitions, see Words and Phrases, vol. 1, pp. 949–951.]

Application for probate of the will of Daniel Heatley Barnes, deceased. Denied.

Herman H. Kimmel (Michael F. McGoldrick, of counsel), for petitioner.

Ronald K. Brown, for contestant.

Joseph A. Kennedy, special guardian for unknown heirs at law and next of kin.

KETCHAM, S. After the due execution of the propounded paper, the following words and characters were written with red pencil upon its face: "Null and Void. Daniel Heatley Barnes Oct 30th 1910."

It is found that the writing last quoted was in the testator's hand, and that the name was his signature.

The words in question were imposed upon the writing which composed the will in such manner that many words of the will are crossed by the lines of the later writing. The will, all on one page, is about eight inches long, from its first line to the signature thereon, and the additional writing, taken as a whole picture, extends about six inches up and down the page. None of the red words or marks extends to the margin of the page. Every sentence of the will which contains any disposition of property is in some part intersected by the legend of revocation, except that the new writing does not reach the words with which the first sentence closes, viz., "revoking all former wills by me at any time made." The signature upon the original writing is touched by a part of the later signature.

There is no extrinsic evidence of the transaction, except that the will was in the custody of the decedent at his death, and therefore no proof of intent to revoke the will appears unless it may be derived from the act itself.

"No will in writing * * * shall be revoked * * * otherwise than by some other will in writing, or some other writing of the testator * * * executed with the same formalities with which the will itself was required by law to be executed; or unless such will be burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by another person in his presence, by his direc-

tion and consent; and when so done by another person, the direction and consent of the testator; and the fact of such injury or destruction, shall be proved by at least two witnesses." Decedent Estate Law (Consol. Laws 1909, c. 13) § 34.

As a writing declaring a revocation the act must fail.

Remains the inquiry whether the will was "canceled" with the intent and for the purpose of revoking the same.

The marks intersecting the face of the will are such in extent and material that they would undoubtedly be regarded as an act of cancellation if they did not take the form of written words and the intent of revocation should appear. Have they any less or other significance if they are found to assume a legible character?

It does not seem to require argument that the writing, taken with the transaction in which it was made, was both an act and a declaration tending to show the intent to revoke.

Such intent being so found, was there added thereto any of the manual acts which the statute contemplates as a means of affecting such intent?

An instrument of revocation may be separate from the will, but the other acts prescribed or recognized in the statute as methods of revocation are without virtue unless their operation physically affects the material which is presented as the face and content of the will.

The present case may be confined to the inquiry whether the will was canceled. The contrast in the statute of the words "canceled" and "obliterated" suggests for each its separate and literal meaning, but for the present purpose no nicety need be indulged. Did the testator either "cancel" or "obliterate" his will?

If, instead of the lines which form this writing, there were lines which equaled their length and breadth, but which took no verbal form, they would serve as canceling marks. The only office which lines upon the face of a will need fulfill in order to invoke the warrant of the statute quoted supra is that they shall be a manual indication by the testator of the mental conception that he intends to annul his will. Their form and extent or other essence are all totally unimportant so long as they are a physical token of the inward intent.

If the marks, in the light of all surroundings, symbolize this purpose, their mission is performed whether they be plain or fantastic, mechanical or verbally intelligible. Though traced in the form of letters, the lines in this case were drawn across the will with the statutory intent that it should thereby become null and void.

In Matter of Akers, 74 App. Div. 461, 77 N. Y. Supp. 643, the court held that words of revocation written and signed upon the paper on which the will was written were to be narrowly regarded as a writing of the testator and not a cancellation.

The words in that case were wholly written upon the margin of the original instrument, and the court said:

"It is quite evident that the surname of the testator (in the supplemental writing) is placed slightly above the line of the given name, and evidently for the purpose of avoiding contact with the words of the will, and the whole writing has not canceled a single letter."

The processes and conclusion of the court in that case so obviously indicate a conviction that the contrary result would have been reached if the additional writing had trespassed upon the face of the primary instrument, that a trial court should submit its judgment to the implied view, even though it need not be necessarily regarded as a controlling authority. This is more readily done since the reasoning of the case is acceptable to this court.

In addition to the quotation already made, the opinion constantly repeats, as the essential basis for the decision, the fact that the later writing did not touch the original script. The case at bar cannot escape the effect of the following words from the case last cited:

"Here we have no obliteration whatever, and nothing except the writing upon the margin of the will and the purported codicil. In all of the cases to which our attention has been called there has been a physical cancellation of some of the words of the will, accompanied by an intent to cancel. (Citing cases.) The great weight of authority is to the effect that a mere writing upon a will which does not in anywise physically obliterate or cancel the same is insufficient to work a destruction of the will by cancellation, even though the writing may express an intention to revoke and cancel."

There must be a decree refusing probate.
Probate denied.