IN RE WILL OF ISAAC C. WELLBORN.

(Filed 27 May, 1914.)

**Wills—Partial Cancellation—Burden of Proof.**

> Where a will, sought to be established as a holograph will, found among the valuable papers of the deceased, in his own handwriting with his name subscribed, has, upon its production by the propounders, the word "canceled" written in two separate items, and the signature has been torn into and through, the burden is upon the propounders to show that, notwithstanding such defacement and marks of cancellation, it was the true will of the deceased, and that he had not intended to cancel the whole instrument, and an instruction by the court to the jury that the burden had shifted to the caveators is reversible error.

APPEAL by caveator from *Webb, J.,* at January Term, 1914, of WILKES.

Issue of *devisavit vel non* as to the will of Isaac C. Wellborn. The paper-writing, purporting to be a will and testament disposing of a considerable amount of real estate and some personal property, was entirely in the handwriting of Isaac C. Wellborn and subscribed by him, and there was evidence tending to show that it was found after his death among his valuable papers, etc.

There was evidence *contra,* on part of caveators, as to paper-writing having been found among the valuable papers of deceased, and also evidence of declarations on part of deceased, objected to by caveators, tending to show that the paper-writing was and continued to be his will and testament, etc. The will when produced, composed of three pages, the first two entirely and the last one-fourth filled with the contents of the alleged will, had across face of the second page, about the center, and within the terms of a devise and bequest to an old servant, Lucy Ann Denny, the words "Canceled by Isaac C. Wellborn," shown to be in the handwriting of the deceased, and, on the third page, containing the clause designating the executors and including the date, the same entry, in same handwriting, "Canceled by Isaac C. Wellborn." In addition, the last page presented a tear beginning at the right of the page, just opposite and extending through the subscribed signature of Isaac C. Wellborn, about midway of same, and also from the C. into the last clause of the will, containing, as stated, the date and designation of executors, about 1½ inches, and there was evidence tending to show that this was the condition of the will when same was first found after the death.

There were declarations of deceased also received in evidence tending to show that he had left no will, etc.

It was admitted that the entire will and all entries thereon were in the handwriting of the deceased, and the court imposed upon propounders the burden of showing that the paper-writing was found among the valuable papers of the deceased, etc., and charged the jury, further, in effect, if they found this to be the

fact, the burden would be upon the caveators to show that the words "Canceled by Isaac C. Wellborn" were intended by him to extend to the whole will, and not to special clauses where they appeared, and they might consider the fact of the tear, if it was done by the deceased, as a circumstance bearing on the question whether or not, at the time Isaac C. Wellborn wrote across the will, "Canceled by Isaac C. Wellborn," he intended to cancel it entirely or only the two items across which the language was written.

Caveators excepted to the charge as to the burden of proof.

There was verdict establishing the will except as to the two items. Judgment, and caveators excepted and appealed.

*Finley & Hendren for propounders.*
*W. W. Barber for caveators, appellants.*

HOKE, J., after stating the case: Our statute on wills, Revisal, sec. 3115, and various decisions here and elsewhere dealing with the subject, are in recognition and approval of the principle that there may be a partial revocation by canceling, tearing, etc., and as to material portions of a will, and if the words "Canceled by Isaac C. Wellborn," restricted as they are physically to certain definite clauses of the paper-writing, were all that appeared in the case, it may be that the charge of his Honor as to the burden of proof could be sustained. *Wikoff Appeal,* 15 Pa. St., 281; *Malone v. Hobbs,* 40 Va., 346; Pritchard on Wills, sec. 270. But the facts suggested do not present the entire case. All the evidence tends to show that the paper-writing can only be upheld, if at all, as a holograph will, and the name of the alleged testator only appearing at the bottom, except in connection with the words "Canceled by" in the two places designated, this subscribed signature is essential to its existence as a will (Rev., sec. 3127), and, in addition to the two entries on the face of the will as described, and in the handwriting of Isaac C. Wellborn, the paper-writing when presented for probate and when offered in evidence showed that his signature subscribed to the instrument was torn entirely through, dividing all the letters of the name as near in half as it could

well be done, and extending an inch and a quarter or a half into
the last clause of the will, and there was evidence, further, tend-
ing to show that the instrument was in like condition when first
found among the papers of the deceased. If this last fact should
be accepted by the jury, it would, in connection with the other
facts admitted or clearly established, raise a presumption that
the tear in question was done with intent to revoke the will.

True, the authorities agree in the position that, in order to
revoke a will by canceling or tearing, the physical act inter-
fering with some material substance of the will and the intent
to revoke must concur, and that the act of marking the will
"Canceled" on its face, or of tearing some material part of the
same, is an equivocal act, open to explanation by relevant testi-
mony, and that, in the first instance, the burden is on him who
alleges a revocation; but it is also very generally held, and cer-
tainly so in this jurisdiction, that when an instrument purport-
ing to be a will when first found among the valuable papers of
the testator, having previously been in his custody, appears
clearly to have been canceled or torn in a material portion
which is essential to its entire existence as a will, a presumption
arises that this was done by the testator himself, and with
intent to revoke, and the burden is on the propounder to explain
the act and show that, notwithstanding appearances, the in-
strument was intended to remain as the will of the alleged tes-
tator. *In re Shelton's Will,* 143 N. C., 218; *Cutler v. Cutler,*
130 N. C., 1; *Bethel v. Moore,* 19 N. C., 311; *In re Brown's
Will,* 40 Ky., 56; Pritchard on Wills, secs. 267, 271; Theobald
on Wills, p. 45; 30 A. and E. Enc. (2 Ed.), 635 cc; 14 Enc.
Evidence, title Wills, p. 445.

In *Cutler's case, supra,* it was held: "Where a will had been
in testator's possession, and is offered for probate with name of
testator torn off or eaten off by vermin, the burden of showing
that it had not been revoked is on the propounder"; and, on the
burden of proof, *Chief Justice Furches,* delivering the opinion,
said: "But the court instructed the jury that, 'If the jury
should find that the will was properly executed by Nathan C.
Cutler, then the burden of proof shifted to the caveators to

show by the greater weight of the evidence that the will had been revoked. This was error. If there had been no evidence of erasure or destruction on the script itself—if the paper had been perfect—this charge would have been correct. But where the name of the testator was gone, torn off by the testator, as the caveator alleges, or destroyed by moths, as the propounder contends, the propounder did not establish it as the will of Nathan C. Cutler by proving that it was originally executed by him. This would not have been so in an action on a note or a bond, and is not in this case. And the burden of proof did not change to the caveators at this stage, and place the burden upon them to show how the testator's name came to be off the paper. The will had been in the possession of Cutler; when produced, it had upon it these marks of mutilation, the testator's name being gone. It devolved upon the propounders to account for this, and it was not Cutler's will until they did so to the satisfaction of the jury. When the will was produced without the name of Nathan C. Cutler, this was *prima facie* evidence of a revocation, and the law presumed that it had been revoked. It is true this presumption might be repelled, but the burden of doing so was on the propounder. If this was not so, it would be to require the caveator to rebut the presumption that was in his favor. *Bethell v. Moore,* 19 N. C., 311; *Steele v. Price,* 44 Ky., 58; Pritchard on Wills, sec. 267, 269; Underhill on Wills, sec. 225; Theo. Law of Wills, p. 45. There was error in this instruction."

Applying the principle: If, when the will was produced from the valuable effects of the testator, the same having previously been in his custody, it had the name of the deceased, subscribed to the instrument, torn entirely through, as it now appears, and there was also on the face of the will the words, in two prominent and material portions of the same, "Canceled by Isaac C. Wellborn," as described, this would raise a presumption calling for explanation by the propounder, and the burden should be placed on him to show that, notwithstanding appearances, the will was the last will and testament of the alleged testator.

Under our decisions the evidence offered as to the declarations of Isaac C. Wellborn, deceased, where relevant as tending to show the existence or nonexistence of his will, were admissible in evidence and properly received. *In re Shelton, supra,* and authorities cited; *Reel v. Reel,* 8 N. C., 248.

For the error indicated, the caveators are entitled to have the issue tried by another jury, and it is so ordered.

New trial.