14 N.J. Super. 238 (1951)
81 A.2d 519
IN THE MATTER OF THE ESTATE OF ANNA L. DANIELLY, DECEASED.
Superior Court of New Jersey, Camden County Court Probate Division.
Decided June 11, 1951.
*239 Mr. Frank C. Propert, attorney for the proponent.
PALESE, J.C.C.
The question presented for determination by this court is whether a document dated July 8, 1939, and purporting to be the last will and testament of Anna L. Danielly, deceased, may be probated as such.
The document was signed and sealed by the decedent and contains a perfect attestation clause. It is also signed by two attesting witnesses. One of the attesting witnesses is dead. However, the other witness, Louis S. Darnell, appeared *240 in court and testified as to the manner of execution of the will. His testimony was to the effect that all the requisites of the statute were complied with.
A reading of the will shows that several paragraphs thereof have been crossed out in pencil and portions of other paragraphs have been marked out by pencil. On the back of the document, the following notation appears:
 "No Good
 New Will to be written
 Do not use
 ANNA L. DANIELLY"
This document was located in an iron safe in the residence of the decedent, and was obviously in her possession at the time of her death.
The first inquiry presented is the effect of the handwritten notation on the back of the will. There is no doubt that this notation was made by the decedent. If this notation has the effect of revoking the will, it, of course, may not be probated. It is essential to a revocation of a will that the testatrix intended to revoke it. In re Davis' Estate, 134 N.J. Eq. 393, 35 A.2d 880 (E. & A. 1944).
The language of the notation clearly indicates that the testatrix intended to revoke the will under consideration. However, under our statute, intention unaccompanied by one or more of the enumerated acts is not sufficient to effect a revocation, R.S. 3:2-4. Where a will has been executed with all the legal formalities, it can be revoked only by burning, cancelling, tearing or obliterating it by the testator, or by his direction, or by a writing executed with the same formalities as the will itself. In re Haness' Estate, 98 N.J. Eq. 645, 130 A. 655 (Prerog. 1925); In re Frothingham's Will, 75 N.J. Eq. 205, 71 A. 695 (Prerog. 1908), reversed on other grounds 76 N.J. Eq. 331, 74 A. 471 (E. & A. 1909); In re D'Agostino's Will, 6 N.J. Super. 549, 70 A.2d 90 (Ch. Div. 1949).
Although the precise problem presented here does not seem to have been decided in this State, other jurisdictions, *241 which have the same or similar statute to ours, hold that notations on a will are not sufficient to revoke a valid will unless the writing is executed with the formalities of a will. See Howard v. Hunter, 115 Ga. 357, 41 S.E. 638 (Ga. 1902); Re Akers 74 App. Div. 461, 77 N.Y. Supp. 643 (N.Y. 1902), affirmed 173 N.Y. 620, 66 N.E. 1103 (N.Y. 1903). The great weight of authority is to the effect that the mere writing upon a will which does not in any wise physically obliterate or cancel the same is insufficient to work a revocation of the will even though the writing may express an intention to revoke. To hold otherwise would be to give the words written in pencil, and not attested to by witnesses, nor executed in the manner provided by the statute, the same effect as though they had been so attested. See Dowling v. Gilliland, 286 Ill. 530, 122 N.E. 70 (Ill. Sup. Ct. 1919). The following are additional cases expressing the same principle of law: Re Miller, 50 Misc. 70, 100 N.Y. Supp. 344 (N.Y. 1906); Re Barnes, 76 Misc. 382, 136 N.Y. Supp. 940 (N.Y. 1912); Re Hildenbrand, 87 Misc. 471, 150 N.Y. Supp. 1067 (N.Y. 1914); Lewis v. Lewis, 2 Watts & S. 455 (Pa. 1841).
Accordingly, it is quite clear that the notation in the present case did not effectively work a revocation of the will. Since this notation was not executed with the formalities necessary for a will, it can have no effect. R.S. 3:2-4.
The remaining issue to be determined is whether the pencil markings in the body of the will are sufficient to vitiate the entire will.
It is well established that portions of a will may be cancelled by obliterating said portions with pencil or other marks. In re Frothingham's Will, supra. It is presumed that the cancellations made in the will under consideration were made by the testatrix animo revocandi for the will was in her custody during her lifetime and was found with the cancellations on it after her death. Hilyard v. Wood, 71 N.J. Eq. 214, 63 A. 7 (Prerog. 1906); In re Gorrell's Estate, 19 N.J. Misc. 168, 19 A.2d 334 (Orph. Ct. 1941). *242 However, a will may be admitted to probate with the cancelled portions thereof omitted. In re Gorrel's Estate, supra.
Therefore, the will of Anna L. Danielly, deceased, will be admitted to probate with the following portions omitted:
(a) the words "to be divided between" and "Jr. and John Yeager" in paragraph "Third";
(b) all of paragraph "Fourth";
(c) all of paragraph "Seventh";
(d) the words "one carat yellow gold chased mounting" in paragraph "Ninth";
(e) the words "open faced gold Watch and chain, with engraved initials  C.P.D." in paragraph "Eleventh";
(f) all of paragraph "Seventeenth."
Proponent seems to argue that all of paragraph "Third" should be admitted as part of the will because of the interlineation of the word "to." However, those cases which hold that where there is a cancellation accompanied by an interlineation the intention to revoke is vitiated refer only to substantial interlineations where an amount of a bequest is changed or the name of a legatee is substituted. In re Gorrel's Estate, supra. That principle has no application to the addition of the word "to" in paragraph "Third." Therefore the entire cancelled portion of that paragraph must be omitted together with the other portions listed above.