47 N.J. Super. 241 (1957)
135 A.2d 678
IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF BEATRICE V. PARKER, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1957.
Decided October 31, 1957.
*242 Before Judges CLAPP, JAYNE and HUGHES.
Mr. Robert V. Carton argued the cause for appellants (Messrs. Durand, Ivins & Carton, attorneys).
Mr. Theodore D. Parsons argued the cause for respondent Walter Mason (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys; Messrs. Theodore D. Parsons and John Warren, Jr., of counsel).
*243 Mr. David M. Pindar, guardian ad litem for Martin Scott Parker.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an appeal from a judgment of the Monmouth County Court, Probate Division, admitting to probate the will of Beatrice V. Parker. The appellants claim that Miss Parker revoked the will.
The will, after directing the payment of Miss Parker's debts and funeral expenses, continues:
"SECOND. All the rest, residue and remainder of my estate, of whatsoever nature and wheresoever situate, I do hereby give, devise and bequeath unto VERONICA A. MASON, with whom I now reside, to her, her heirs and assigns forever.
"THIRD. In case said VERONICA A. MASON, should predecease me or should not survive me or she and I die in a common disaster, I do then give, devise and bequeath all the estate of whatever kind and nature herein given, devised and bequeathed unto said VERONICA A. MASON, unto WALTER L. MASON, husband of said VERONICA A. MASON.
"FOURTH. I hereby nominate, constitute and appoint said VERONICA A. MASON, Executrix of this my last will and Testament and in case she should not survive me, I then appoint said WALTER L. MASON, Executor. I do hereby give unto said Executrix or Executor full power to grant, bargain, sell and convey any and all real estate of which I may die possessed and give therefore good and sufficient deeds of conveyance."
At some time between 1942 when the will was executed and 1956 when it was found, a large X-mark had been drawn by pen across paragraph second of the will. Moreover (as the County Court found) a line had then been drawn by the pen through these opening words of Paragraph Third:
"In case said VERONICA A. MASON, should predecease me or should not survive me or she and I die in a common disaster"
The County Court found, however, that the pen drawing the line in paragraph second ran out of ink apparently, so that the line became ineffectual after the word "die." These findings are not challenged on the appeal. On the back of the will there is written in testatrix' hand:
*244 "This whole will is wrong and must be changed  People and charities to be considered 
Beatrice V. Parker
Gordon V. Parker."
Mrs. Mason predeceased testatrix by two years. After her death testatrix said to Mr. Mason that she and he ought to revise their respective wills, and they made arrangements accordingly. On the very day of testatrix' death she consulted a lawyer with reference to preparing a new will stating she wanted her estate to go (no objection was taken to the admission of this evidence) in some part to charities or specific persons, with the residue to Mr. Mason for life and on his death to her brother Gordon V. Parker, one of the appellants herein. Mr. Parker, it is to be observed, is mentioned in the above-quoted endorsement on the will and is in fact testatrix' closest next of kin. The new will was never drawn because of her sudden death that day. After her death Mr. Mason made a search, but in vain, for the will now propounded, looking in the room (or floor) in his home where she had lived. But it was not until three years later, while cleaning up her room, which had been left as it was at her death, that he found the will at the bottom of a box containing theatre magazines and papers.
The burden of proving a revocation falls upon the party asserting it. In re Gorrell's Estate, 19 N.J. Misc. 168, 173 (Orph. Ct. 1941); Throckmorten v. Holt, 180 U.S. 552, 584, 21 S.Ct. 474, 45 L.Ed. 663, 678 (1901); cf. Heise v. Earle, 134 N.J. Eq. 393, 403 (E. & A. 1944); In re D'Agostino's Will, 9 N.J. Super. 230, 236 (App. Div. 1950). Appellants concede that since the notation on the back of the will was not executed in the manner required by N.J.S. 3A:3-3, it does not, of itself, operate as a revocation. In re Danielly's Estate, 14 N.J. Super. 238, 241 (Cty. Ct. 1951).
Appellants do, however, say in the first place that paragraph second of the will was clearly revoked. To establish this, they rely on the rule that where, as here, a will is found among testatrix' effects after her death, *245 with a portion of it cancelled, it will be presumed that she cancelled that portion, with an intent so to do. Hilyard v. Wood, 71 N.J. Eq. 214, 216 (Prerog. 1906); cf. In re Smalley's Will, 131 N.J. Eq. 175, 177 (Prerog. 1942), and cases cited. Some question is raised as to whether a cancellation need render the text so undecipherable as to amount to an obliteration. But the law is entirely settled in our State that a cancellation may be effected by drawing a single line such as that drawn by the pen here.
Appellants do not make out their case by establishing a cancellation of paragraph second. They have the burden, further, of establishing that Miss Parker intended to revoke the remainder of the will. To meet that burden, they rely on several factors.
First, they refer to the pen-line drawn through the opening words of paragraph third. However this counts somewhat against them, for the line stops in such a place as to furnish some indication that Miss Parker intended to cancel, not the gift to Mr. Mason, but only the introductory words. She may be said to have lifted her hand from the paper when she saw the provision in his favor. Indeed it may even be urged, in the light of the conversation between herself and Mr. Mason after Mrs. Mason's death with respect to the making of a new will, that the alterations in the instrument propounded were made after Mrs. Mason's death and were designed merely to remove the provisions that had become superfluous.
Second, appellants observe that paragraph third gives to Mr. Mason merely that which is "herein given, devised and bequeathed unto said Veronica A. Mason." They say that paragraph third depends on paragraph second to give it substance, and since paragraph second is revoked, the court cannot draw upon its text so as to ascertain what testatrix intended by the later paragraph.
But we are concerned here with the question whether there was an intention to revoke paragraph third. Counsel urges that testatrix intended Mr. Mason to take nothing because, after leaving to him what had been given to his *246 wife, she then revoked the gift to the wife. This we find an unpersuasive argument. There are other considerations to be dealt with here also. It is elementary that the statute of wills interdicts all proof as to the testator's direct statements of intention (for exceptions to the rule, see Golden v. Casa Per Sacerdoti Vecchi ed Invalidi, 30 N.J. Super. 242, 245 (App. Div. 1954)) showing what disposition he intended to make in his will, unless those statements are put in writing and then executed with certain formalities. Here, however, the statements contained in the second paragraph of the will were duly attested, and furthermore had been integrated into the very instrument that was propounded. It would be altogether too artificial for us to say that because of the asserted revocation, we cannot look back to that paragraph in order to determine what is meant by the words, the "estate * * * herein given" to Mrs. Mason. To avail ourselves of that paragraph in that way, does not, we think, do violence to the policies underlying the statute of wills. Indeed, in England in quite an analogous situation it has been held that words forming part of a will, which were cancelled before its execution, can be looked to in order to give meaning to words which were left in the will. In re Battie-Wrightson (1920) 2 Ch. 333, 339 (the first ground of the opinion). We need not pass on that problem. Some reference is made by the proponent to certain cases where the courts in construing the last will of the testator rely to some extent upon his former wills. But the cases cited are distinguishable. Nor need we concern ourselves with the problem presented where a testator, by making reference to a paper which never had any validity as a will, attempts to incorporate it into his will. Cf., further, Condit v. De Hart, 62 N.J.L. 78 (Sup. Ct. 1898).
Thirdly, appellants cite authorities of other jurisdictions holding that a testatrix may cancel so much or such portions of a will as to indicate an intention on her part that the remainder of it was not to stand as her will. But appellants have the burden of establishing that such was testatrix' intention here; and they have not carried that *247 burden. They are met in the first place with the circumstance, already alluded to, that Miss Parker did not draw a pen-line through that portion of paragraph third of the will by which she gave her estate to Mr. Mason. They are met also with the collateral circumstance that not only did she reside in Mr. Mason's home apparently from the time she made her will until her death eleven years later, but she was (in the words of her attorney) one of "the family," comprising Mr. and Mrs. Mason and herself; and there is nothing to indicate any break in that "family" relationship following Mrs. Mason's death. Moreover, while the notation on the back of the will reveals a current dissatisfaction by the testatrix with the will, it is not an assertion that the will "is hereby changed"; it seems rather to contemplate that some change is to be made in the future.
We conclude, therefore, that appellants did not sustain the burden that was theirs, of establishing that testatrix revoked paragraph third commencing with the word "I" and the subsequent paragraphs of the will. The proponent then pursues the argument further, claiming that under the doctrine of dependent relative revocation the cancellation of paragraph second and of the first portion of paragraph third was ineffectual. But in view of the conclusions reached by us, we need not concern ourselves with that matter; since the gift to Mr. Mason stands, appellants are not prejudiced by the provisions of the judgment below, probating also the cancelled portions of the will.
Affirmed.