420 P.2d 301

**Oscar A. BODDY, Waitman S. Boddy and Leo C. Yates, Appellants,**

v.

**Ora Lee BODDY, Appellee.**

**No. 7934.**

Supreme Court of New Mexico.

Nov. 21, 1966.

Rueckhaus & Brown, Melvyn D. Baron, Albuquerque, for appellants.

Charles E. Barnhart, Albuquerque, William I. Buhler, Truth or Consequences, for appellee.

## OPINION

NOBLE, Justice.

The intestate heirs of Ben B. Boddy have appealed from a judgment of the district court admitting to probate an instrument purporting to be his last will and testament.

The instrument, as executed February 28, 1963, made nominal bequests to two brothers, and left the rest and residue of decedent's estate, consisting of his separate property, to Ora Lee Boddy, the decedent's wife. The court found that thereafter Ben

B. Boddy and Ora Lee Boddy were divorced March 3, 1964, and did not remarry. The record also shows a property settlement agreement between the Boddys approved by the court in the divorce proceeding. Following the divorce, on March 9, 1964, the testator printed the word "void" in letters varying from one to three inches in height in three places across the first page and again across the second page of the two-page instrument, with the words "By Ben B. Boddy, March 9, 1964" written once on each page thereof following the words "void." These markings were superimposed on all typewritten paragraphs of the will excepting the attestation clause, paragraph number four, which made the devise to Ora Lee Boddy, and paragraph number five which named an attorney to represent the executor. The trial court found that the signature and date "March 9, 1964" were written across the instrument by the testator contemporaneously with the markings "void."

Appellants urge reversal of the judgment admitting the will to probate upon the grounds that (1) the trial court erred in concluding as a matter of law that § 30–1–8, N.M.S.A.1953, provides the exclusive method of revoking a will; and (2) the divorce and property settlement revoked the will by operation of law. Our disposition of the first point makes it unnecessary to consider the second.

Section 30–1–8, N.M.S.A.1953, was enacted as § 1, ch. 59, Laws 1891, and has not been amended. It reads:

"Any will may be revoked by the testator by an instrument in writing, executed and attested in the same manner as is required by law for the execution and attestation of a will, by which instrument the maker distinctly refers to such will and declares that he revokes it; or such will may be revoked by the making of a subsequent valid will disposing of the same property covered by the first will, although no reference be made in the later will to the existence of the earlier one."

The trial court's conclusions of law:

"1. That the markings placed on the testator's will on March 9, 1964, did not effect a revocation of the will and the same is now the last will and testament of BEN B. BODDY, deceased.

"2. That markings of 'void,' the lines, the signatures and dates placed on the will on March 9, 1964, were not executed and attested as required by Section 30–1–8, N.M.S.A. (1953 Comp.).
" * * *

"5. That the will of BEN B. BODDY, deceased dated February 28, 1963, is entitled to be admitted to probate without regard to the markings placed thereon in March, 1964, by the Testator[,]"

make it apparent that the decision and judgment resulted from the court's impression that the statute provides the exclusive method of revoking a will. In this the trial court erred.

The proponents of the will rely strongly upon the oft-repeated rule that where statutes regulate the method of revocation, they are mandatory and controlling so that revocation may be accomplished only in the manner prescribed by such statutes. See Albuquerque National Bank v. Johnson, 74 N.M. 69, 390 P.2d 657. However true this statement may be, our statute only purports to regulate revocation by a subsequent instrument in writing. Two other methods, speaking in generic terms, by which a will may be revoked are left untouched. These methods are, namely, revocation by physical act performed or inflicted on the face of the will, including burning, cancelling, tearing, obliterating or destroying; and revocation by operation of law. See Page on Wills, § 21.1. This court has recognized both. In re Roeder's Estate, 44 N.M. 578, 106 P.2d 847; Teopfer v. Kaeufer, 12 N.M. 372, 78 P. 53, 67 A.L.R. 315; Brown v. Heller, 30 N.M. 1, 227 P. 594, all acknowledge revocation by operation of law. And Perschbacher v. Moseley, 75 N.M. 252, 403 P.2d 693, impliedly recognized destruction as a means of revocation.

Prior to the English Statute of Frauds and the Statute of Victoria, any act or declaration of a testator which showed an intention to revoke was effective to accomplish that purpose. The Statute of Frauds was enacted to prevent abuses in attempts to defeat valid wills, but it expressly permitted revocation thereof by "burning, cancelling, tearing or obliterating" the instrument with intent to revoke it, as well as by a subsequent testamentary instrument. Section 22, ch. 3 of 29 Car. II (1677). New Mexico adopted the common law or *lex non scripta* and such British statutes of a general nature not local to that kingdom nor in conflict with our Constitution or specific contrary statutes, which are applicable to our conditions and circumstances and which were in force at the time of American separation from England, and made it binding as the rule of practice and decision in the courts of this State. Sec. 21–3–3, N.M.S.A. 1953. The Statute of Frauds is part of this common law. Ades v. Supreme Lodge Order of Ahepa, 51 N.M. 164, 181 P.2d 161; Maljamar Oil & Gas Corp. v. Malco Refineries, 155 F.2d 673 (10th Cir.1946); Ickes v. Brimhall, 42 N.M. 412, 79 P.2d 942; Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045.

Thus, were it not for § 30–1–8, supra, it is clear a will could be revoked by burning, cancelling, tearing, obliterating, or destroying the will if done with the requisite revoking intent. The question becomes, then, is § 30–1–8, N.M.S.A.1953, a specific contrary statute abrogating these common law methods of revocation? We believe not.

Section 30–1–8 addresses itself only to revocation by subsequent written instrument. To hold that it nonetheless pre-empts a revocation by operation of law or revocation by physical act performed on the face of the will would be contrary to our prior holdings and notions of justice and common sense. We hold, therefore, that § 30–1–8 is mandatory only in that it governs the manner by which a will may be revoked by a subsequent written instrument. A will may also be revoked by the common law methods of burning, cancelling, tearing, obliterating or destroying.

Albuquerque National Bank v. Johnson, supra, demands no different result. That decision discussed the Statutes of Frauds and Victoria, and said that since the enactment of those statutes a prior will may be revoked *"by a subsequent testamentary instrument"* in only the two ways provided by § 30–1–8. Johnson, by its express language, was limited to an attempted revocation by a subsequent testamentary instrument, and expressed no opinion as to the validity of revocation by other means permitted by the common law after the enactment of the Statute of Frauds.

We have thus determined that a will may be revoked by cancellation. The question remains whether decedent Boddy effected a cancellation by writing on the will, or were his writings an unattested revocation by written instrument rendered ineffective by § 30–1–8.

2 Page on Wills, Bowe-Parker Rev., § 21.9, expresses the majority view respecting revocation by cancellation, thus:

"  *   *   *

"If the word 'canceled' is written across the dispositive provisions of the will or some material part thereof, such as the signature of the testator, no logical reason appears for refusing to treat it as a sufficient cancellation. Lines drawn across such portions of the will would operate as a cancellation, whether they are diagonal, horizontal, or irregular; and the fact that the lines are so arranged as to form words and letters which make the testator's intention to revoke even more clear should not prevent these lines from having this same revoking effect.

*   *   *"

A few of the decisions of other jurisdictions holding that writing the word "cancelled" or some similar word across the dispositive provisions or other material parts of the will operate as a revocation are Noesen v. Erkenswick, 298 Ill. 231, 131 N.E. 622; In re Wellborn's Will, 165 N.C. 636, 81 S.E. 1023; In re Barnes' Will, 76 Misc. 382, 136 N.Y.S. 940; In re Taubel's Will, 398 Pa. 19, 156 A.2d 858; Franklin v. Bogue, 245 Ala. 379, 17 So.2d 405. The word "void" written by the testator across practically every paragraph and provision of the will was held in In re Barrie's Will, 393 Ill. 111, 65 N.E.2d 433, to manifest her

intention to cancel and revoke the will, and constituted a revocation of it. Compare In re Barrie's Estate, 240 Iowa 431, 35 N.W.2d 658, 9 A.L.R.2d 1399 (denying revocation of the same will under Iowa's statute which explicitly required a cancellation to be attested by two witnesses). We conclude the revocation in this instance was effected by cancellation of the will—not by a subsequent testamentary instrument.

Appellee makes one final argument. Even if the markings on the will constitute a revocation by cancellation, appellee contends that such markings only affect those particular paragraphs on which the markings are superimposed. Because paragraph number four was not marked over, appellee argues the will was only partially revoked and that paragraph remained in effect. We cannot agree. Where almost all the dispositive provisions of a will have been cancelled or where a material portion of the will is cancelled so as to indicate a definite intent that the will be cancelled in its entirety, an isolated paragraph surviving the cancellation will not be given effect. See Worcester Bank & Trust Co. v. Ellis, 292 Mass. 88, 197 N.E. 637; In re Dougan's Estate, 152 Or. 235, 53 P.2d 511.

In this instance, "void" was marked across the prefatory paragraph declaring the instrument to be decedent's last will and testament. "Void" and the testator's signature were placed across all of paragraphs one, three and six, and the final clause "signing, sealing and publishing" the instrument as testator's last will. The fact that the word "void," with the testator's signature, does not cross but appears immediately below the typewritten language of paragraph four does not indicate an intention by the testator to only partially revoke the will. Cancellation of almost all the dispositive provisions, the prefatory clause, and the corresponding ending declaration that the instrument is testator's will make it evident that he intended to revoke the entire will. An examination of the instrument makes this conclusion self-evident.

Even though no specific finding as to the testator's intent to revoke was made by the trial court, a remand is unnecessary if the missing fact required to support a judgment is documentary or appears undisputed in the record. Rules of Civil Procedure, Rule 52(B); Boswell v. Rio De Oro Uranium Mines, Inc., 68 N.M. 457, 362 P.2d 991. The facts from which an inference of intent arises appear to consist only of the will itself and other documentary evidence which is undisputed.

It follows that the judgment admitting the will to probate was in error and must be reversed. The cause is remanded to the district court with directions to vacate the

judgment appealed from and to enter a new judgment refusing to admit the will to probate.

It is so ordered.

MOISE, J., and E. T. HENSLEY, Jr., C. J., Court of Appeals, concur.